March 6th, 1905.

————o————

## No. 3532.

(Court of Appeal, Parish of Orleans.)

ERASMUS J. SHEPHERD vs. HENRY SCHOMAKER.

Appeal from Civil District Court, Division "E."

J. H. Ferguson, for Plaintiff and Appellee.

George J. Untereiner, for Defendant and Appellant.

Issue of fact only is involved in this cause.

MOORE, J. Plaintiff sued for a balance due on the purchase price of a piano sold to the defendant. The answer tendered the general issue. There was judgment in favor of the plaintiff for the amount claimed and defendant appealed. The piano was sold and delivered in the month of December, 1896, and has been in the possession of the defendant ever since. The purchase was made by defendant's wife, and, as he testifies, without his authorization. He was present, however, when the piano was delivered; made no objection to its being received in the house; permitted it

166

to remain there for years, (this suit being filed only in November, 1903), and to be used by his wife; knew that partial payments were being made; was fully advised as to the terms and conditions of the sale, and never made any protest or objection to the plaintiff of the transaction, or to his wife, or to any one else. His contention, now made only years after his possession and use and enjoyment of the property, that the purchase was made without his authority, and that hence he is not responsible therefor, cannot receive the slightest consideration. The purchase was cre ; the use and benefit of the community; and whether he authorized his wife or not to make the purchase his subsequent acts was an adoption of the purchase for the community, and, as held by the community, he is bound to pay it. Our attention is directed to a bill of exception reserved by the plaintiff, to a ruling of the trial judge excluding, as a witness in the case, defendant's wife. The ruling was correct. It is a little singular, to say the least, that notwithstanding the fact that defendant's sole defence is that his wife was unauthorized to make the purchase, and his own testimony to the effect that in making the purchase his wife "was not acting as his agent," it should now be claimed that being his agent the wife was hence capacitated to be a witness in his behalf.

The judgment appealed from is affirmed.

March 6th, 1905.

Rehearing refused March 20th, 1905.

Application for writ April 19th, 1905.